# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| PATRICIA BALLARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 5:12-cv-145-LGW |
| | * | |
| ATKINSON COUNTY BOARD OF EDUCATION, | * | |
| | * | |
| Defendant. | * | |

### ORDER

Presently before the Court is a Motion to Dismiss (Dkt. No. 8) filed by Defendant Atkinson County Board of Education ("Defendant"). Upon due consideration, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

### FACTUAL BACKGROUND

The crux of Plaintiff's claim is that Defendant, in violation of Title VII of the Civil Rights Acts, discriminated against Plaintiff by underpaying her $1,000 per month for at least ten years, and retaliated

1

against Plaintiff after she filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC").[1] Dkt. No. 1 at pg. 8. Plaintiff was employed by the Atkinson County Board of Education for sixteen years. Id. at pg. 7. She worked in the Human Resources Department, generating payroll each month. Id. Plaintiff, as the only African American employee in the office, alleges that she was treated unfairly on account of her race because two white females made $1,000 per month more than Plaintiff even though Plaintiff had more experience than both women. Id. Plaintiff filed a charge with the EEOC on October 10, 2010 for alleged actions occurring between October 2000 and October 2010. Id. at pg. 6. Plaintiff checked one box on the EEOC Charge to indicate the nature of the alleged discrimination—race. Id. at pg. 6. She did not specify factual allegations on the EEOC Charge indicating any kind of discrimination other than wage discrepancies resulting from race discrimination. To

---

[1] Although Defendant initially thought that Plaintiff was suing under the Equal Pay Act (Dkt. No. 8-1 at pg. 4), Plaintiff clarified, "[t]here's no argument to the Equal Pay Act, only to Title VII of the Civil Rights Act of 1964." Dkt. No. 11 at pg. 4.

support her race discrimination allegation on the EEOC Charge, Plaintiff stated:

> Almost ten years ago, I noticed that I was being paid less than my similarly situated white co-workers. I have complained about the disparate wages to several members of management, but my complaints have been ignored. No reasons were given for the discriminatory actions described above. I believe that I have been discriminated against because of my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended. Id.

Plaintiff participated in a mediation hearing with Superintendent Lehman Spence of the Atkinson County Board of Education, an attorney, and an EEOC mediator on March 4, 2011. Id. at pg. 7. Plaintiff alleges that the environment at work following this hearing was "very cold" and that "the Superintendent would not communicate with me and it was as if I was invisible." Id. at pg. 8-9. Plaintiff felt "shut out" and alleged that Superintendent Spence spread word around the office that she filed the EEOC claim. Id. at pg. 8. Plaintiff noted, "I felt like I was a victim of retaliation" in the office following the hearing. Id.

According to Plaintiff, a new superintendent, Tim Cochran, replaced Superintendent Spence on July 1, 2011. Id. Plaintiff alleges that once he took the position, she "never had a chance," and reports being "humiliated" and "degraded and treated like I was a common criminal." Id. Plaintiff contends that Superintendent Cochran fired her two weeks before the date on which he had agreed to buy land from her. Id. Plaintiff does not state the date on which she was fired, but indicates that it was at least two weeks after Tim Cochran became Superintendent.[2] Id. Plaintiff further contends that she was fired for past practices in which 80% of the employees engaged when she began to work for Defendant. Id. at pg. 9. However, Plaintiff does not specify the nature of those practices. Plaintiff alleges that after Superintendent Cochran denied her unemployment payment, he brought in false documentation to preclude her receipt of unemployment,

---

[2] Plaintiff states that Tim Cochran became Superintendent on July 1, 2011. Dkt. No. 1 at pg. 8. She specifies that he was going to purchase land from her but the deal fell through and that he fired her two weeks after this event. Id. Plaintiff does not give a more detailed account of the date of her termination. See id.

4

resulting in her loss of approximately $150,000 in retirement pension. Id.

Plaintiff filed a complaint in the U.S. District Court for the Southern District of Georgia on December 21, 2012. Dkt. No. 1. Defendant filed a Motion to Dismiss for Failure to State a Claim upon which Relief Can be Granted on March 12, 2013. Dkt. No. 8.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required to survive a 12(b)(6) motion, "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In assessing a 12(b)(6) Motion to Dismiss, the Court is "limited primarily to

the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "construe[] the complaint in the light most favorable to the plaintiff and accept [] all well-pled facts alleged . . . in the complaint as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). A court should only grant a Rule 12(b)(6) Motion to Dismiss if the plaintiff is unable to plead facts sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545.

**LEGAL BACKGROUND**

I. Pro Se Standard

Plaintiff filed her complaint while proceeding pro se. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998); See Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972). Even so, pro se litigants must follow procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)(affirming

6

district court's grant of motion to dismiss where pro se plaintiff failed to attach a copy of the complaint to the summons).

II. EEOC Charge Filing Requirement

Prior to bringing a Title VII discrimination suit, a plaintiff must exhaust administrative remedies, which include filing a timely charge of discrimination with the EEOC. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). In Georgia, the charge must be filed within one hundred and eighty days of the alleged unlawful practice taking place. 42 U.S.C. § 2000e-5; Id. Failing to file a charge within the requisite time period will bar the claims. Jordan v. City of Montgomery, 283 Fed. Appx. 766, 767 (11th Cir. 2008). "A party must file a charge within either 180 or 300 days of the date that a discrete retaliatory or discriminatory act 'occurred' or lose the ability to recover for it." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 102 (U.S. 2002)(holding that while Plaintiff allegedly suffered from multiple discriminatory and retaliatory acts in the period

7

between which he was hired and fired, the only actionable acts were those within the filing period). However, since the Lilly Ledbetter Fair Pay Act of 2009, the time period for compensation discrimination lawsuits resets with each new violation. Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat 5 (2009); 42 U.S.C. § 2000e-5.

Filing requirements are different in disparate treatment than in hostile work environment cases. Ramon v. AT&T Broadband, 195 Fed.Appx. 860, 866 (11th Cir. 2006). While hostile work environment claims can include the cumulative effect of various incidents, this is not true for discrete acts, which "occur[]" at the time the act "happen[s]. Id. (quoting Nat'l R.R. Passenger Corp., 536 U.S. at 115). According to the U.S. Supreme Court, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." Nat'l R.R. Passenger Corp., 536 U.S. at 112.

The Court may only analyze a Title VII claim based on the scope of the EEOC charge. See Thomas v. Miami

Dade Public Health Trust, 369 Fed.Appx. 19, 22 (11th Cir. 2010)(affirming the district court's determination that race and sex discrimination claims were barred where EEOC Charge alleged only retaliation, but complaint alleged race and sex discrimination). According to the Eleventh Circuit:

> EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.' A 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' Id.

According to the Eleventh Circuit, claims of discrimination other than those in the EEOC Charge "are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint.'" Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1279-80 (11th Cir. 2004)(quoting Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)). Even so, the Eleventh Circuit has advised against a strict interpretation of the EEOC Charge scope, noting instead that courts are "extremely reluctant to allow procedural technicalities

9

to bar claims brought under [Title VII]." Id. at 1280 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460-61 (5th Cir. 1970)).

III. Title VII Race Discrimination Claim

Title VII prohibits employment discrimination on the basis of color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the plaintiff in a Title VII case bears the initial burden of establishing a prima facie case of race discrimination. Demonstrating a prima facie case only requires the plaintiff to put forth facts that create an inference of discrimination. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). After establishing a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp., 411 U.S. at 802. The plaintiff then bears the burden of producing sufficient evidence of pretext. Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 248 (1981).

To establish a prima facie case of discrimination, the plaintiff must prove that she: 1) belonged to a racial minority; 2) was subjected to adverse job action; 3) was treated less favorably than similarly situated, non-minority employees; and 4) was qualified for the job. Holifield, 115 F.3d at 1562; Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). A Plaintiff is subjected to an adverse employment action when he suffers "a serious and material change in the terms, conditions, or privileges of employment." Rainey v. Holder, 412 Fed.Appx. 235, 238 (11th Cir. 2011)(quoting Davis v. Town of Lake Park, 245 F.3d 1232, 1238-39 (11th Cir. 2001)). Adverse employment actions are those that have a "materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related." Forbes v. City of North Miami, 509 Fed.Appx. 864, 867 (11th Cir. 2013)(quoting Crawford v. Carroll, 529 F.3d 961, 973 (11th Cir. 2008)). "To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the

AO 72A
(Rev. 8/82)

employees are similarly situated in all relevant respects." Holifield, 115 F.3d 1555 at 1562. Determining whether employees are similarly situated requires the Court to look at whether they "are involved in or accused of the same or similar conduct and are disciplined in different ways." Brown v. Jacobs Engineering, Inc., 401 Fed. Appx. 478, 480 (11th Cir. 2010) (quoting Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)).

**DISCUSSION**

I. Exhaustion of Retaliation Claim

As noted above, Plaintiff filed a Charge with the EEOC on October 10, 2010, indicating that her basis for discrimination was race. The facts Plaintiff alleged pertained exclusively to being paid less than two white women were paid. She marked the box for race but not the box for retaliation, as her claim for retaliation arose after she filed the EEOC Charge. Defendant contends that Plaintiff's retaliation claim should be dismissed because the facts exceed the scope of an

investigation that would grow out of the EEOC Charge. Dkt. No. 8-1 at pg. 6-7.

In Gregory, a case cited by both parties, the Eleventh Circuit analyzed whether a plaintiff's retaliation claim was barred by failing to mark the retaliation box on the EEOC Charge. 355 F.3d at 1278. In that case, the Eleventh Circuit affirmed the U.S. District Court for the Middle District of Georgia's decision that failing to mark the retaliation box did not administratively bar the claim because the facts on the EEOC Charge "could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination." Id. at 1280. In Gregory, the Plaintiff filed her EEOC Charge after she was terminated, and she stated her belief that discrimination formed the basis of her termination. Id. at 1278. Therefore, the Eleventh Circuit determined:

> The facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination. That is, she stated facts from which a reasonable EEOC

13

> investigator could have concluded that what she had complained about is retaliation . . . . Specifically, shortly after being subjected to certain allegedly discriminatory acts, she was terminated. An EEOC investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation.

Id. at 1280. At issue is whether Plaintiff's retaliation claim exceeds the scope of the EEOC's investigation of her initial charge. The Court determines that it does.

Although Plaintiff filed her EEOC Charge and Compliant as a pro se Plaintiff, therefore giving the Court permission to hold her pleadings to a less stringent standard, Plaintiff is still subject to exhaustion requirements. Plaintiff contends that Defendant retaliated against her for filing the EEOC Charge by treating her differently at work and ultimately firing her. Plaintiff, unlike the plaintiff in Gregory who filed an EEOC Charge after being terminated, was fired at least nine months after filing her EEOC Charge. She did not file another Charge with the EEOC or give the EEOC any basis for investigating the retaliation claim. The facts stated in her EEOC

14

Charge pertain exclusively to wage discrepancies between white women and Plaintiff. As noted above, the Eleventh Circuit directs that a court may only analyze a Title VII claim within the parameters of the EEOC Charge itself. The facts alleged in the EEOC Charge at issue confine this Court's analysis to discrimination indicated by wage discrepancies and actions reasonably stemming from the facts alleged in the EEOC Charge. Retaliatory termination occurring at least nine months after the Charge and by a different superintendent would not be "expected to grow out of [this] charge of discrimination." The Charge does not allege any facts other than wage discrepancies. Even a lenient interpretation of the facts alleged in the Charge would not lead an EEOC investigator to search for evidence of future retaliation. Defendant's Motion to Dismiss with regard to the retaliation claim is granted.

II. Timely Filing of EEOC Charge

In addition to retaliation, Plaintiff alleges racial discrimination indicated by wage discrepancies between her and two white women. At issue is whether

15

Plaintiff filed her EEOC Charge in a timely manner so as to allow the discrimination claims to proceed. As noted above, the Charge must be filed within one hundred and eighty days of the alleged unlawful practice. However, an aggrieved person may still obtain relief for claims outside of this period "where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge." 42 U.S.C. § 2000e-5(e)(3)(B). As each of Plaintiff's discrimination in compensation claims are identical, both inside and outside the Charge filing period, they are all considered timely filed. Defendant's Motion to Dismiss with regard to these claims is denied.

III. Race Discrimination Claims

Construing the complaint less stringently because of Plaintiff's pro se status when she filed the complaint, Plaintiff alleges sufficient facts to survive the motion to dismiss stage. As noted above,

16

AO 72A
(Rev. 8/82)

establishing a prima facie case of discrimination requires the plaintiff to prove: 1) she belonged to a racial minority; 2) was subject to adverse job action; 3) was treated less favorably than similarly situated, non-minority employees; and 4) was qualified for the job. Holifield, 115 F.3d at 1562.

Plaintiff has alleged sufficient facts to survive the motion to dismiss stage. Plaintiff, as an African American woman, is a racial minority. She was allegedly subject to an adverse job action by being paid less than white employees, which constitutes an adverse employment action because it has a "materially adverse effect on the plaintiff." Plaintiff alleges that she was treated less favorably than similarly situated, non-minority employees because she alleges that she made $1,000 a month less than two white women who were "doing basically the same job" with the same duties. Dkt. No. 1 at pg. 7. Plaintiff alleges that she was qualified for the job, as she had worked for Defendant for sixteen years. Id. For these reasons, Defendant's

17

AO 72A
(Rev. 8/82)

Motion to Dismiss with regard to race discrimination claims is denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**SO ORDERED**, this 6TH day of January, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)